# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| John P. McDermott, | ) | CASE NO. 1:14 CV 1498 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| Gary C. Mohr, Director, | ) | **AND ORDER** |
| Ohio Department of Rehabilitation | ) | |
| and Correction, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff John P. McDermott, a prisoner incarcerated in an Ohio correctional facility, filed this civil rights action *in forma pauperis* against the Director of the Ohio Department of Rehabilitation, Gary C. Mohr, and the chair and members of the Ohio Adult Parole Authority (OAPA), seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. For the reasons stated below, his complaint is dismissed upon initial screening pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss any *in forma pauperis* action at any time under 28 U.S.C. § 1915(e)(2)(B) if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, 28 U.S.C. § 1915A requires a district court

to dismiss at the screening stage any complaint in which a prisoner seeks relief from a governmental entity, officer, or employee that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A). The plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In determining whether a complaint is subject to dismissal, the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *See Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004). The court need not accept legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

### Background and Plaintiff's Allegations

The plaintiff is serving a 15 year to life sentence for a March 31, 1981 murder conviction that had an "initial parole eligibility date of March 1, 1990." (Complt., ¶9.) Since 1990, the plaintiff has appeared "more than a dozen times" before the OAPA, but the OAPA has not granted him parole. (*See* Complt. ¶¶22, 71-87.) The plaintiff alleges defendants have violated his rights under the Ex Post Facto and Due Process clauses of the Constitution. He also alleges the OAPA acted in "bad faith" by considering documents at his May 12, 2015 parole hearing in violation of its Policy

105-PBD-06(D)(1).

In 1995, Ohio adopted a new sentencing scheme for crimes committed after July 1, 1996. *See* Ohio Rev. Code § 5120 *et seq.* Under the new law, indeterminate sentences were abandoned in favor of fixed terms of incarceration determined by the defendant's presiding judge. The new scheme does not apply retroactively to so-called "old law" inmates like the plaintiff sentenced under Ohio's former sentencing scheme. Ohio Rev. Code § 5120.021(A) ("The provisions of Chapter 5120. of the Revised Code, as they existed prior to July 1, 1996, and that address the duration or potential duration of incarceration or parole or other forms of supervised release, apply to all persons upon whom a court imposed a term of imprisonment prior to July 1, 1996 . . . ."). Under Ohio's former sentencing law, inmates were given an indeterminate sentence comprised of a minimum and maximum sentence, and an inmate became eligible for parole after serving his or her minimum sentence, minus credit for good behavior. Parole decisions were delegated to the OAPA. *See generally, Michael v. Ghee*, 498 F.3d 372, 373-74 (6th Cir. 2007).

The plaintiff alleges that since July 1, 1996, the OAPA has frequently changed the standards for determining parole eligibility for old law inmates. He alleges defendants have violated his rights under the "Ex Post Facto and Due Process clauses of the United States Constitution" because the OSPA has retroactively applied "cumulative changes to Ohio's parole laws, policies, administrative codes, standards and procedures" in making parole decisions, including applying victims' rights laws. (*See* Complt., ¶1.)

## Analysis

The plaintiff's claims in this case are barred as a matter of law by *res judicata*. A claim is barred by *res judicata* if the following four elements exist: (1) a prior final, valid decision on the

merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Hapgood v. City of Warren*, 127 F.3d 490 (6th Cir.1997). All of these elements exist here. Indeed, the plaintiff expressly recognizes in his complaint that he and other inmates already brought a Section 1983 action against the Director of the Ohio Department of Rehabilitation and the OAPA challenging the constitutionality of OAPA's retroactive application of new standards and laws in making parole determinations for old law inmates, and that Judge Oliver entered a final judgment in the prior Section 1983 case in favor of the defendants on all of the plaintiffs' claims. *See Allen v. Collins*, Case No. 1: 08 CV 1780, 2010 WL 3075186 (N.D. Ohio Aug. 4, 2010), *aff'd*, 529 Fed. App'x 576 (6th Cir. 2013). All of the claims the plaintiff alleges in this action were, or could have been, raised in the prior action; and the plaintiff's claims here arise out of the same transaction or occurrence as the prior case, namely, the OAPA's retroactive application of new and changing laws and standards in determining old inmates' parole eligibility. The plaintiff's Section 1983 action here is therefore precluded as a matter of law by *res judicata* and must be dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A.

Even if it weren't barred by *res judicata*, this action would be subject to summary dismissal for failure to state a claim because the plaintiff's allegations are insufficient to allege any viable constitutional claim. "A plaintiff bringing a § 1983 action for procedural due process must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Swihart v. Wilkinson*, 209 Fed. App'x 456, 458 (6th Cir. 2006). The Sixth Circuit "has repeatedly noted that there is no constitutional or inherent right of a convicted

person to be conditionally released [e.g., paroled] before the expiration of a valid sentence." *Id.*, citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Greenholtz*, 442 U.S. at 7, 11. Rather, a constitutionally-protected interest is created only if state law entitles an inmate to release on parole, and an inmate's "unilateral hope or expectation of release on parole is not enough to constitute a protected liberty interest." *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). The State of Ohio has not created a liberty interest in parole eligibility but has a completely discretionary parole system. *Swihart*, 209 Fed. App'x at 458. Therefore, the plaintiff has no constitutionally-protected interest triggering constitutional due process protection.

Nor has the plaintiff alleged a plausible claim under the Ex Post Facto Clause. The Ex Post Facto Clause is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts. *Foster v. Booker*, 595 F.3d 353 (6th Cir. 2010). Retroactive changes in laws that affect the parole of prisoners are subject to ex post facto scrutiny, but the relevant inquiry is whether retroactive application of parole laws and regulations creates a "sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner v. Jones*, 529 U.S. 244, 250 (6th Cir. 2000). The Sixth Circuit has made clear that cumulative changes in parole laws that have "made it more difficult for [a prisoner] to secure release on parole" are insufficient to demonstrate an ex post facto violation. *Booker*, 595 F.3d at 364. In addition, courts have consistently held that victims' rights statutes are procedural in nature and do not implicate the Ex Post Facto Clause or increase an inmate's punishment. *See, e.g., Berk v. Moore*, No. 2: 10 CV 1082,

-5-

2012 WL 3780303, at *5 (S.D. Ohio Aug. 31, 2012). The plaintiff's allegations here are simply insufficient to allege a plausible constitutional ex post facto claim. *See, e.g., Mubashshir v. Bradshaw*, 525 Fed. App'x 346, 249 (6th Cir. 2013) (noting that courts have consistently rejected arguments that changes in Ohio's parole procedures constitute an ex post facto violation and that "[i]t is within the discretion of the Parole Authority to determine whether [an inmate] was suitable for parole," and holding that an inmate's argument that he would have been released earlier under old standards "is merely speculative").

In that the plaintiff has not alleged a viable federal constitutional claim, this Section 1983 action would be dismissed for failure to state a claim even if it weren't barred by *res judicata*. The Court would not assert supplemental jurisdiction over any state-law claim asserted by the plaintiff in the absence of a viable federal claim.

## Conclusion

For the reasons stated above, this action is hereby dismissed upon initial screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 15, 2015